UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNKNOWN F.B.I. AGENTS,<br><br>　　　　　Defendant. | No.  2:22-cv-1375 KJM DB P<br><br><br>ORDER |

Plaintiff, a former county inmate proceeding pro se with a civil rights action. Plaintiff claims that Federal Bureau of Investigation ("FBI") officials violated his rights to equal protection under the law.  Presently before the court are various motions filed by the plaintiff.

**BACKGROUND**

**I.　　Relevant Procedural History**

Plaintiff initiated this action while incarcerated at the Monroe Detention Center in Yolo County.  (ECF No. 1; ECF No. 23 at 1.)  Thereafter, plaintiff sought and received and extension of time to file a motion to proceed in forma pauperis.  (ECF Nos. 11, 13.)  Plaintiff submitted a motion to proceed in forma pauperis.  (ECF No. 14.)  Plaintiff filed a notice of change of address that indicated he had been released from custody and shortly thereafter he paid the filing fee.

////

////

1

## II. Allegations in the Complaint

Plaintiff alleges that "unknown FBI agents . . . has [sic] maliciously violated California and United States Constitutional Amendments, Civil rights, has mimicked tactics [he has] spoken of in previous lawsuits, [and] has operated outside the legal confines of FBI doctrines . . . ." (ECF No. 1 at 1.) He further states defendants have violated plaintiff's right to equal protection under the law. (Id.)

Plaintiff has not specified what specific actions, taken by defendants, led to the violation of his rights. The court notes that plaintiff has raised similar claims against the FBI in prior cases. See Johnson v. United States (FBI), 2:22-cv-0727 TLN CKD; Johnson v. FBI, No. 2:21-cv-2359 JAM EFB; Johnson v. United States (FBI), No. 2:21-cv-0959 JAM CKD; Johnson v. FBI, No. 2:20-cv-2214 TLN DB.

## IFP MOTIONS

Plaintiff filed several motions relating to his request to proceed in forma pauperis. (ECF Nos. 14, 15, 21.) Thereafter, plaintiff paid the filing fee. (See Docket entry dated October 25, 2022.) Thus, any motions related to his request to proceed in forma pauperis are now moot. Accordingly, the court will deny these motions.

## DISCOVERY MOTIONS

Plaintiff has filed a motion seeking discovery. (ECF No. 8.) He seeks to obtain all records and materials related to "the staged car accident of July 13, 2020, where confidential informant rear ended plaintiff." (Id. at 2.) Plaintiff would also like to discover the identity and location of the confidential informant. (Id.)

Plaintiff has also filed a motion seeking to discovery the "identity and location of confidential informant driver in the 2020 intentional rear ending of plaintiff." (ECF No. 24.) The court will construe this motion as a discovery motion. Because defendants have not yet been served, any motion related to discovery will be denied as premature. These motions will be denied without prejudice to their renewal at a later stage of the proceedings.

////

////

**MISCELLANEOUS MOTIONS**

**I.      Motion to Exhaust Administrative Remedies**

Plaintiff states that the FBI has use of a "jet airplane that flies over plaintiff as he sits in his car." (ECF No. 17 at 2.)  He further states that the "high tech jet is invisible to the naked eye[,] but you can clearly hear that its [sic] close by but you cannot see it in the day time [sic]."

Plaintiff states this motion is to move the court "to aid him in exhausting administrative remedies." (Id. at 4.)  He also asks the court to "stop this search and destroy mission of the FBI." (Id. at 5.)  Plaintiff further alleges that these unknown FBI agents have hacked his google ads account to keep potential customers from contacting his business. (Id. at 6.)

Because it is not clear what administrative remedies plaintiff is referring to in his motion and he has not cited any legal authority in support of his motion, the court will deny the motion without prejudice.

**II.     Motion for Permission to E-File**

Plaintiff has requested permission to e-file. (ECF No. 18.)  In support of his motion, he states that he has lost his car and home and cannot bring filings to the court anymore. (Id. at 1.)  He states that he has a computer and can file electronically. (Id. at 2.)

The Local Rules generally require pro se parties to file and serve paper documents. See E.D. Cal. Local Rule 133(a).  Pro se litigants may only utilize electronic filing if they receive permission from the assigned judge or magistrate judge. E.D. Cal. Local Rule 133(b)(2).  To request an exception, the party must file "[a] motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3).

In support of his motion, plaintiff states that he has lost his car and home and cannot bring filings to the court anymore. (Id. at 1.)  He states that he has a computer and can file electronically. (Id. at 2.)  However, it is not clear whether plaintiff is aware of the requirements applicable to electronic filing in this court.  Accordingly, the court will deny plaintiff's motion without prejudice.

////

////

3

In any amended motion to e-file plaintiff should including a declaration stating: (1) he is aware of the e-filing requirements[1] in this court and agrees to abide by them[2]; (2) indicating whether he has access to the hardware and software necessary for electronic filing; and (3) indicating whether he has regular access to the internet, an email account for receiving notifications from the electronic filing system, a PACER (Public Access to Court Electronic Records) account, a word processing program, PDF conversion software to convert word processing documents into .pdf format, and a scanner for exhibits or other supporting documents that only exist in paper format.

### III.     Motions to Remove FBI Alert

Plaintiff requests "that the FBI be made to remove this felonious alert that's false so there is no evidence of the blatant lies of being a rapist, child abuser and given kids dope, and host of other bullshit." (ECF No. 19 at 1.)  He requests that this court "stop the illegal gang stalking, malicious invasion of solitude and to get the FBI to get their stupid alert out my devices or wherever it is." (Id. at 4.)

Plaintiff references an accident on July 13, 2020, and requests the crash report. (Id. at 6.) Plaintiff filed a second motion "requesting that the FBI be made to remove this felonious alert that's false so there is no evidence of the blatant lies of being a rapist, child abuser and given kids dope, and host of other bullshit." (ECF No. 22 at 1.) This motion appears identical to the prior motion (ECF No. 19) seeking to have an FBI alert removed.

Plaintiff's motions cite no legal authority that would authorize this court to prevent him from being investigated. The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122

---

[1] Rules related to e-filing in this district are available on the court's website at: https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/rules-pertaining-to-electronic-filing/

[2] Plaintiff is advised that if he is approved to file documents electronically, he will no longer receive documents by mail and he can no longer submit filings by mail.

F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Oakland Tribune, 762 F.2d at 1376.

Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all parties who would be affected by the order sought.  See Local Rule 231. The court will deny plaintiff's motions because his filings fail to articulate the irreparable injury, and do not set forth any legal support for his requests.

**IV.     Motion to Change Case Designation**

Plaintiff requests that "all [his] documentation filed with this court be changed from a Prisoner document to a regular citizen document." (ECF No. 23 at 1.)  He states that when he filed this action, he was detained by Yolo County, and he has now been released.  He also requests that summons be issued so that defendants can be served.

As set forth above, plaintiff has been released from custody and has paid the filing fee. Accordingly, this case will proceed as a pro se civil action.  Because plaintiff is no longer requesting to proceed in forma pauperis, and as set forth below, the court will issue summons so that plaintiff can serve the defendants.

**V.      Motion to Issue Summons**

Plaintiff has filed a motion to request that summons be issued.  (ECF No. 25.)  He states that he was informed that summons would not be issued without a court order.  Because plaintiff

initially requested to proceed in forma pauperis, summons were not immediately issued. However, now that plaintiff has been released from custody and has paid the filing fee, the court need not conduct screening pursuant to 28 U.S.C. § 1915.  Accordingly, the court will grant the motion and direct the Clerk of the Court to issue summons.

Plaintiff is warned that failure to effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery motions (ECF Nos. 8, 24) are denied as premature;

2. Plaintiff's in forma pauperis motions (ECF Nos. 14, 15, 21) are denied as moot;

3. Plaintiff's motion to exhaust administrative remedies (ECF No. 17) is denied without prejudice

4. Plaintiff's motion to e-file (ECF No. 18) is denied without prejudice;

5. Plaintiff's motions to remove an FBI alert (ECF Nos. 19, 22) are denied;

6. Plaintiff's motion to change case designation (ECF No. 23) is granted;

7. Plaintiff's motion for summons (ECF No. 25) is granted; and

8. The Clerk of the Court is directed to issue summons in a civil case pursuant to Federal Rule of Civil Procedure 4(m).

Dated:  December 27, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/john1375.var

6