UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN F.B.I. AGENTS,<br><br>　　　　Defendant. | No. 2:22-cv-1375 KJM DB P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff is a former county inmate proceeding pro se with a civil rights action. Plaintiff claims that Federal Bureau of Investigation ("FBI") officials violated his rights to equal protection under the law. Presently before the court is plaintiff's motion to recuse (ECF No. 41), motion for default judgment (ECF No. 42), motion for miscellaneous relief (ECF No. 43), and motion for preliminary injunction (ECF No. 44).

**BACKGROUND**

**I.      Relevant Procedural History**

Plaintiff initiated this action while incarcerated at the Monroe Detention Center in Yolo County. (ECF No. 1; ECF No. 23 at 1.) Thereafter, plaintiff sought and received and extension of time to file a motion to proceed in forma pauperis. (ECF Nos. 11, 13.) Plaintiff submitted a motion to proceed in forma pauperis. (ECF No. 14.) Plaintiff filed a notice of change of address that indicated he had been released from custody and shortly thereafter he paid the filing fee.

1

1     **II.    Allegations in the Complaint**

Plaintiff alleges that "unknown FBI agents . . . has [sic] maliciously violated California and United States Constitutional Amendments, Civil rights, has mimicked tactics [he has] spoken of in previous lawsuits, [and] has operated outside the legal confines of FBI doctrines . . . ." (ECF No. 1 at 1.) He further states defendants have violated plaintiff's right to equal protection under the law. (Id.)

Plaintiff has not specified what specific actions, taken by defendants, led to the violation of his rights. The court notes that plaintiff has raised similar claims against the FBI in prior cases. See Johnson v. United States (FBI), 2:22-cv-0727 TLN CKD; Johnson v. FBI, No. 2:19-cv-2359 JAM EFB; Johnson v. United States (FBI), No. 2:21-cv-0959 JAM CKD; Johnson v. FBI, No. 2:20-cv-2214 TLN DB.

## MOTION TO FILE ELECTRONICALLY

Plaintiff has filed a second motion seeking permission to file electronically. (ECF No. 34.) Plaintiff states that he has experience filing electronically in Las Vegas, Nevada and is presently filing electronically in state court. He further states he "has extensive knowledge of WORD and ADOPE" and has internet access using a hotspot via his smart phone. (Id. at 1.)

As previously stated, the Local Rules generally require pro se parties to file and serve paper documents. See E.D. Cal. Local Rule 133(a). Pro se litigants may only utilize electronic filing if they receive permission from the assigned judge or magistrate judge. E.D. Cal. Local Rule 133(b)(2). To request an exception, the party must file "[a] motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3).

The undersigned denied plaintiff's prior motion to e-file because it was not clear whether plaintiff was aware of the requirements for e-filing in this district. (ECF No. 27 at 3-4.) He was advised that any renewed motion should include a declaration stating: (1) he is aware of the e-filing requirements1 in this court and agrees to abide by them2; (2) indicating whether he has access to the hardware and software necessary for electronic filing; and (3) indicating whether he has regular access to the internet, an email account for receiving notifications from the electronic filing system, a PACER (Public Access to Court Electronic Records) account, a word processing

program, PDF conversion software to convert word processing documents into .pdf format, and a scanner for exhibits or other supporting documents that only exist in paper format. (Id.)

Plaintiff has stated that he has knowledge of Word and Adobe and has stated he has "the requirements in hardware and software to manage filing electronically." (Id. at 2.) However, he has not specified what kind of word processing or PDF conversion hardware and software he has, whether he has an email account for receiving notifications from the electronic filing system, or whether he has a PACER (Public Access to Court Electronic Records) account or a scanner. The prior motion also advised plaintiff that any renewed motion should indicate his willingness to abide by this district's e-filing rules. However, the instant motion does not include a statement indicating plaintiff's willingness to abide by the rules. Because the renewed motion does not meet the requirements plaintiff was previously advised of, the undersigned will deny plaintiff's renewed motion to e-file.

**MOTION FOR RECUSAL**

Plaintiff has filed a document captioned "Notice of Disqualification of Judge" as well as a motion requesting recusal of the undersigned. (ECF Nos. 40, 41.) In the motion for recusal, plaintiff argues recusal is warranted based on "prejudicial statements." (ECF No. 41 at 1.)

Plaintiff cites both California Code of Civil Procedure 170 and 28 U.S.C. § 144 in support of his argument that disqualification or recusal is proper in this action.

**I.      Legal Standards**

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

////

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal.  See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on the merits to another judge)).  If the affidavit is legally insufficient, then recusal should be denied.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

**II.     Analysis**

In support of his motion for recusal, plaintiff has cited the undersigned's dismissal of Johnson v. Woodland Public Defenders Office, 2:22-cv-1325[1] was without merit. (ECF No. 41 at 2.)  Plaintiff has not cited any extrajudicial basis to support his motion for recusal.

As the United States Supreme court has noted, "judicial rulings alone almost never constitute a valid basis for bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  Judicial rulings may serve as a basis for appeal, rather than recusal.  See id. (Judicial rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no

---

[1] Court records reflect that on April 5, 2023, the undersigned recommended that case must be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).  See Johnson v. Woodland Public Defenders Officer, No. 2:22-cv-01325 DJC DB P, 2023 WL 2790567 (E.D. Cal. Apr. 5, 2023).

4

1  extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not

2  recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (Leslie's allegations stem

3  entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.")

4  (citations omitted).  Because plaintiff has cited only prior rulings as the basis for motion for

5  recusal, the undersigned will deny the motion.

6  The court notes that plaintiff states that he declined to proceed before the undersigned

7  when this suit began.  (ECF No. 40 at 1.)  It appears that plaintiff has construed his decision

8  declining to proceed before a magistrate judge as a request that this case proceed before a

9  different judge.  Plaintiff is advised that this action is proceeding before the undersigned in

10 accordance with Local Rule 302(c)(21) which provides in part that actions in which the plaintiff

11 is proceeding pro se shall proceed before a magistrate judge pursuant to 28 U.S.C. § 636.  "Once

12 a case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only

13 by the district court, and only 'for good cause shown on its own motion, or under extraordinary

14 circumstances shown by any party.'"  Plata v. Woodford, 2011 WL 675356, at *1 (E.D. Cal. Feb.

15 16, 2011) (citing Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993)).

## MOTION FOR DEFAULT JUDGMENT

17 Plaintiff has filed a motion for default judgment.  (ECF No. 42.)  In support of his motion,

18 he states defendants received the complaint and summons, but have not responded in the allotted

19 time.  (Id.)

20 To obtain default judgment under Rule 55 of the Federal Rules of Civil Procedure, a party

21 must follow a sequential two-step process: (1) obtain entry of default from the Clerk of the Court

22 pursuant to Rule 55(a); and (2) move the Court for a default judgment in accordance with Rule

23 55(b).  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing this two-step

24 process).

25 The motion for default judgment will be denied without prejudice to its renewal because

26 plaintiff filed the instant motion for default judgment without first seeking a clerk's entry of

27 default.  See Crossfit, Inc. v. Norcal Elite Gymnastics, LLC, No. 2:13-cv-1174 KJM KJN, 2013

28 WL 12304744, at *2 (E.D. Cal. Oct. 22, 2013) (denying motion for default judgment because

plaintiff did not first seek clerk's entry of default); Norman v. Small, No. 09-cv2235 WQH, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying motion for default judgment because the clerk had not yet entered a default); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534 U.S. 1083 (2002).

**MOTIONS FOR INJUNCTIVE RELIEF**

Plaintiff alleges that "the FBI has used its 'DISRUPTION STRATEGIES' to ruin [his] business and ruin[] [his] image and reputation by violation [his] privacy, by allowing [him] to [be] tracked like some godam [sic] animal." (ECF No. 43 at 1.) He alleges the FBI have conducted "illegal surveillance, flying 2 or 3 dam [sic] planes around [him] all day, 5 or 7 drones all night around." He states he is asking this court "to get the FBI to call off its dogs and get their priorities back on a[n] agenda that [is] good for the country." (Id. at 2.)

Plaintiff also states:

> Sorry If I sound bitter buy Im [sic] tired of this abuse, Im [sic] tired of being toyed with by an agency that suppose [sic] to be investigating not deploying it [sic] disruption strategies, not marking a person for death by use of its CI's who are not suppose to carry weapons nor are the [sic] to commit murder on American citizens. I know the name, car and license plates of the CI given the chore. So to the CI given this chore, FBI don't care if you die or if I die so lets [sic] think about that.

(Id.)

Plaintiff has also filed a motion seeking injunctive relief "for the outrageous and extreme intentional infliction of emotional distress." (ECF No. 44 at 1.) He further reiterates that the FBI has "relentlessly inflicted [him] with its known 'DISRUPTION STRATEGIES'" for "about 5 yrs now." (Id.)

Plaintiff's motions cite no legal authority that would authorize this court to prevent plaintiff from being investigated by the FBI. Moreover, the legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See

6

1  Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribute,
2  Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).
3      The two formulations represent two points on a sliding scale with the focal point being the
4  degree of irreparable injury show. Oakland Tribune, 762 F.2d at 1376. "Under any formulation
5  of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."
6  Id. In the absence of a significant showing of possible irreparable harm, the court need not reach
7  the issue of likelihood of success on the merits. Id. Moreover, the court will not entertain a
8  motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on
9  the question or irreparable injury, (2) a memorandum of points and authorities addressing all legal
10 issues raised by the motion, and (3) evidence of notice to all persons who would be affected by
11 the order sought. See Local Rule 231.
12     Here, plaintiff's filings fail to comply with Local Rule 231. Additionally, plaintiff has not
13 shown a likelihood of success[2] or cited legal authority that would support the requested relief.
14 Accordingly, the undersigned will recommend that the motions be denied.

**CONCLUSION**

16 For the reasons set forth above, IT IS HEREBY ORDERED that:
17 1. Plaintiff's motion for recusal (ECF No. 41) is denied;
18 2. Plaintiff's motion to file electronically (ECF No. 34) is denied; and
19 3. Plaintiff's motion for default judgment (ECF No. 42) is denied without prejudice.
20 IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF
21 Nos. 43, 44) be denied.
22 These findings and recommendations will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after
24 being served with these findings and recommendations, plaintiff may file written objections with
25 the court. A document containing objections should be titled "Objections to Magistrate Judge's

---

[2] Plaintiff has previously attempted to raise similarly vague claims against the FBI in prior cases and has not been able to state a cognizable claim. See Johnson v. United States (FBI), No. 2:22-cv-0727 TLN CKD PS, 2022 WL 1608611, at * 3 (E.D. Cal. May 20, 2022).

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 23, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/john1375.var(2)