UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin B. Johnson, | No. 2:22-cv-01375-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Unknown FBI Agents, | |
| Defendants. | |

On August 21, 2023, this court adopted the magistrate judge's findings and recommendations in full. Order, ECF No. 52. Plaintiff Kevin B. Johnson has filed a "Notice of Trespass" and states he has not received any legal mail and thus has not had the opportunity to object to the magistrate judge's findings and recommendations. Notice, ECF No. 54. In that notice, plaintiff moves for recusal of the magistrate judge. *Id.* at 4.

First, plaintiff has had the opportunity to and did object to the findings and recommendations. *See* Objs., ECF No. 48; Order Granting Mot. Extension of Time to File Objs., ECF No. 47.

Second, plaintiff's motion for recusal proffers no basis for recusal under 28 U.S.C. §§ 144 or 455. Under 28 U.S.C. § 455, a magistrate judge must "disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge "shall also disqualify himself [or herself]" when the judge "has a personal bias

1

or prejudice concerning a party . . . ." *Id.* § 455(b)(1). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal marks and citation omitted). "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *Id.* at 1454 (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). In *Liteky*, the Supreme Court explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 554–56. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

Plaintiff argues the magistrate judge trespassed and broke the law, is biased, prejudiced, unfair, and impartial, has displayed "impropriety [and] racism," and "is not acting as a Judicial official." Notice at 2–4. He alleges the magistrate judge did not "stamp the seal of the court on the summons [and] return it to plaintiff," and intentionally delayed sending plaintiff mail regarding his cases. *Id.* at 2–4. All of these purported actions are events that occurred in the course of this action; plaintiff has not presented any facts or arguments tending to show the magistrate judge harbored any bias or prejudice due to extrajudicial sources. Additionally, the court's docket shows the magistrate judge directed the Clerk of Court to issue summons, Summons Order, ECF No. 27, the Clerk issued summons, Summons, ECF No. 28, and both the order and summons were served on plaintiff. The court's docket also shows plaintiff has been served with all the court's orders, including the magistrate judge's orders. There is no evidence of undue delay on the court's docket. Plaintiff has not shown recusal is warranted. The motion is **denied**. This matter is referred back to the magistrate judge for all further pretrial proceedings.

To the extent plaintiff claims he has not been receiving the court's orders, *see* ECF No. 53; Notice, the Clerk of Court is directed to serve plaintiff a copy of this order and re-serve the magistrate judge's findings and recommendations on ECF No. 45, and this court's order adopting the findings and recommendations on ECF No. 52.

1     This order resolves ECF No. 54.

2     IT IS SO ORDERED.

3 DATED: September 21, 2023.