UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEVIN B. JOHNSON, | No. 2:22-cv-1375 KJM DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| UNKNOWN F.B.I. AGENTS, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se with a civil rights action. Plaintiff claims that Federal Bureau of Investigation ("FBI") officials violated his rights to equal protection under the law. Presently before the court is plaintiff's motion for FBI accountability. (ECF No. 50.) For the reasons set forth below, the undersigned will deny the motion for FBI accountability and direct plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute.

**I.      Motion for FBI Accountability**

Plaintiff states the FBI is denying him internet access. (ECF No. 50 at 1.) He states that the FBI has done so "for racist and hateful reasons." (Id.) Plaintiff further alleges that his internet access was removed without a hearing. Plaintiff accuses the FBI of fabricating crimes, charging individuals with crimes that did not happen. (Id.) Additionally, he states that the FBI

////

1

1  and the trial courts are creating mental health problems in inmates that did not have mental health
2  issues before going to jail.  (Id.)

3      Plaintiff states that he would like his ".303 brit rifle back" and alleges the FBI stole it
4  from him in "a staged car accident."  (Id. at 2.)  He further claims that he has been the target of a
5  "search and destroy mission."  (Id. at 3.)  He states, "[t]he operation where the FBI uses all its
6  power and influence to commit defamation is not new and [he] cannot see how the Federal judges
7  don't know of it."  (Id.)  In support of his allegations, he cites an article titled "Racial and Ethnic
8  Disparities throughout the Criminal Legal System" written by the Urban Institute.  (Id.)

9      Plaintiff states this court is a "bar from Due Process, fair and impartial, equal protection
10 under the law, 10th Amendment and a few others. Then you look at the Grand Jury then the
11 whole system is unconstitutional, very inconsistent with the Constitution. This whole system is
12 racial discrimination for the Black man. This is why 50.2% of the innocent prison population is
13 black and that's a conservative number and most agree its much higher due to the unknown
14 cases."  (Id. at 5.)

15     As with prior motions filed by plaintiff, this motion does not contain a request for judicial
16 action and fails to cite any legal authority.  Additionally, the circumstances surrounding the
17 allegations are not sufficiently clear for the undersigned to determine whether any relief is
18 warranted.  Therefore, the undersigned will deny the motion without prejudice.  Plaintiff is further
19 advised that to the extent his internet privileges and rifle were taken pursuant to court proceedings
20 the proper course of action it to pursue relief in those actions rather than in the instant case.

21     **II.**    **Failure to Serve Defendants**

22     Plaintiff initiated this action on August 3, 2022.  (ECF No. 1.)  Thereafter, plaintiff
23 submitted filings indicating that he would move to proceed in forma pauperis in this action.  (ECF
24 Nos. 6, 10, 14, 20, 21.)  Plaintiff paid the filing fee on October 25, 2022.  By order dated
25 December 27, 2022, the undersigned granted plaintiff's motion for summons and directed the
26 Clerk of the Court to issue summons in this case pursuant to Federal Rule of Civil Procedure
27 4(m).  (ECF No. 27.)
28 ////

On February 24, 2023, plaintiff filed a proof of service of summons stating the complaint and summons were served on a paralegal at the FBI office in Roseville, California.  (ECF No. 35 at 1.)  Here, defendants identified by plaintiff as "unknown FBI agents" are required to be served pursuant to the requirements set forth in Federal Rule of Civil Procedure 4(i).  <u>Zuercher v. Hoskins</u>, No. 4:21-cv-05142-YGR, 2021 WL 6551433, at *4 (N.D. Cal. Dec. 16, 2021).  Thus, plaintiff is required to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i).  Accordingly, service on a paralegal is not effective.  See <u>Tuke v. United States</u>, 76 F.3d 155, 156 (7th Cir. 1996) (plaintiff "must serve the United States in the way Rule 4 requires; actual notice is insufficient").  In light of plaintiff's pro se status, and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for plaintiff's conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for FBI accountability (ECF No. 50) is denied;

2. Plaintiff to show cause in writing within twenty-eight (28) days of the date of this order as to why defendants have not been served and why this case should not be dismissed for lack of prosecution; and

3. Plaintiff is cautioned that failure to timely comply with this order may result in a recommendation that this case be dismissed.

Dated:  January 19, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/john1375.fbi.4(m)