UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN FBI AGENTS,<br><br>　　　　　　Defendants. | No.  2:22-cv-01375-KJM-SCR-P<br><br>ORDER TO SHOW CAUSE |

　　　　Proceeding without the assistance of counsel, plaintiff Kevin B. Johnson filed the instant action on August 3, 2022.[1] After filing the complaint, plaintiff sought and was granted an extension of time to file an application to proceed in forma pauperis. (ECF Nos. 11, 13.) On October 25, 2022, plaintiff paid the filing fee and on December 27, 2022, the Clerk of Court issued summons for plaintiff to serve the defendants. (ECF No. 28.)

　　　　On January 22, 2024, the court ordered plaintiff to show cause as to why defendants had not been served and why this case should not be dismissed for lack of prosecution. (ECF No. 58.) Plaintiff sought and was granted extensions of time to respond to the order to show cause. (ECF Nos. 59, 61, 62, 63.) On May 13, 2024, plaintiff responded to the order to show cause, requesting

---

[1] Because plaintiff proceeds without counsel, this matter is referred to the undersigned under Local Rule 302(c)(21).

that this case continue and stating, as to the failure to serve defendants, "I don't always get things done like process… but try to comply best I can[.]" (ECF No. 64 at 1.)

On May 23, 2024, a return of service was filed indicating plaintiff served a copy of the summons and complaint by depositing it in the United States Mail in a sealed envelope with postage fully paid to "United States Attorney Civil Processing" at 501 I St 10-100, Sacramento, California, 95814. (ECF No. 65 at 1.) A certified mail receipt generated at the UPS store is attached. (Id. at 2-3.)

The court examines the validity of service of process because the court cannot exercise personal jurisdiction over a party that has not been properly served. See SEC v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Plaintiff bears the burden of establishing the validity of service. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiff is suing unknown federal officers. "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf … a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Given that the identities of these federal officers are not currently known to plaintiff, he cannot serve them personally at this point in the case. But he must complete the other service requirements when suing federal officers, including "serv[ing] the United States." Id.

To properly serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

  The return of service filed on May 23, 2024, indicates plaintiff has not complied with Rule 4(i) of the Federal Rules of Civil Procedure and has not properly served the United States. (See ECF No. 65.) It appears that plaintiff has complied with Rule 4(i)(1)(A) by sending a certified copy of the relevant documents to the United States attorney's office in this District. However, it appears he has not complied with Rule 4(i)(1)(B). Rule 4(i)(1)(C) is inapplicable to this action.

  Although Rule 4 is a flexible rule that should be liberally construed, United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984), "substantial compliance" is nevertheless required, Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). Plaintiff's pro se status does not excuse a failure to effectuate proper service. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure).

  Courts in the Ninth Circuit recognize a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Here, however, the court already gave plaintiff notice that "defendants identified by plaintiff as 'unknown FBI agents' are required to be served pursuant to the requirements set forth in Federal Rule of Civil Procedure 4(i)." (ECF No. 58 at 3.) More than seven months have passed since that admonition, and plaintiff has not properly effectuated service.

  On the current record, given plaintiff's partial compliance with Rule 4(i), the court will allow plaintiff one additional opportunity to properly serve the United States. See Fed. R. Civ. P. 4(m). Accordingly, within 21 days of the date of this order, plaintiff must either complete service on the United States in the manner required by Rule 4(i)(1)(B), or show cause in writing why this

////

////

////

case should not be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.[2]

For the foregoing reasons, IT IS ORDERED as follows:

1. Within 21 days of service of this order, plaintiff shall either file proof that he has completed service on the United States in the manner required by Rule 4(i)(1)(B) or file a response to this order to show cause setting forth the status of service on defendants and any good cause reasons why plaintiff has not effectuated service of process under Federal Rule of Civil Procedure 4.

2. Failure to demonstrate proper service of process or good cause reasons for the failure will result in a recommendation that this case be dismissed without prejudice.

Dated: September 14, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] On January 20, 2023, the court designated this action a "prisoner action" for administrative and case processing purposes. See Local Rule 101, 230(l). As reflected by plaintiff's current address of record, however, plaintiff is not detained or otherwise in custody.