UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN FBI AGENTS,<br><br>　　　　Defendants. | No.  2:22-cv-01375 KJM SCR P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a former county inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  On September 17, 2024, this court ordered plaintiff to file within 21 days either: (1) proof that he has completed service on defendants in the manner required by Rule 4(i)(1)(B); or (2) a response to this order to show cause setting forth the status of service on defendants and any good cause reasons why plaintiff has not effectuated service of process under Federal Rule of Civil Procedure 4.  Plaintiff was warned that his failure to demonstrate proper service of process or show good cause for his failure to effect service would result in a recommendation that this case be dismissed without prejudice. (ECF No. 67.)  In an order filed October 25, 2024, this court granted plaintiff an additional 21 days from the date of the order to comply with the September 17 order.  (ECF No. 69.)  Twenty-one days have passed and plaintiff has not filed that response.

　　　　In the September 17 order, this court reviewed the background of this case.  Briefly, in late 2022, plaintiff paid the filing fee and the Clerk of the Court issued summons for plaintiff to serve the defendants.  In January 2024, the court ordered plaintiff to show cause as to why

defendants had not been served and why this case should not be dismissed for lack of prosecution. The court informed plaintiff that "defendants identified by plaintiff as 'unknown FBI agents' are required to be served pursuant to the requirements set forth in Federal Rule of Civil Procedure 4(i)." (ECF No. 58.) After the court granted plaintiff two extensions of time, in May 2024 plaintiff filed a document entitled "Proof of Service" in which he states that he placed the summons and complaint in the U.S. mail addressed to "United States Attorney Civil Processing." (ECF No. 65.)

In the September 17 order, this court explained the service requirements for unknown federal officers. Because plaintiff had partially complied with Rule 4(i), this court gave plaintiff another opportunity to properly serve defendants. Plaintiff was given 21 days to either complete service or show cause why this case should not be dismissed. (ECF No. 67.)

Plaintiff was warned that this court would recommend dismissal of this case if he did not comply with the September 17 order. Because he has not done so, this court will recommend this case be dismissed without prejudice for plaintiff's failure to timely serve defendants. See Fed. R. Civ. P. 4(m).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice under Federal Rule of Procedure 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE